

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Dear Mr. Satterfield:

Opinion No. 6133 O-5133

Re: Authority of the local Firemen's Pension Board to refuse further membership and participation in the disability and retirement system to one who has previously suffered a physical incapacity.

This acknowledges receipt of your recent communication addressed to this department, which reads as follows:

"This department has been asked for an opinion on the following questions:

"An active fireman who was a participating member in the Firemen's Disability and Retirement system as provided in Article 6243-e, Vernon's Revised Civil Statutes, 1925, as amended, left the fire service of that department and went to work for a private industrial plant. After working for about one year with this company he contracted tuberculosis, and became a patient in one of the tuberculosis sanitariums of this State. He has been discharged from that institution as being well and possibly can secure a certificate to that effect.

"This party has been out of the fire service for less than five years and now desires to come back into the fire department which he left. In view of the fact that the duties of firemen are such that they are required to fight fires in all kinds of weather and the further fact that such conditions are conducive to such ailments as pneumonia and tuberculosis, we wish to ask:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1. Does the local Board have authority to re-
fuse this party further membership and
participation in the disability and re-
tirement system by reason of the fact, in
the Board's opinion, that the party is an
extra hazardous risk, if and when he is again
re-employed by the city as a fireman?

"2. Would it be the duty of the Board to reject
membership in the system to any fireman com-
ing into the fire service after the effective
date, who, after a physical examination, is
found to possess physical disabilities that
would render him as an extra hazardous risk?

"3. Should the Firemen's Pension Commissioner, or
does he have the authority to make rules and regu-
lations governing the above conditions under
authority granted him in the last sentence of
Section 19 of the Act?"

Sections 1 to 28, inclusive, of Article 6243e, Vernon's
Annotated Civil Statutes, embody the Firemen's Relief Pension
Fund law, as enacted by the 45th Legislature, Acts of 1937, House
Bill No. 258.

Section 6 of said Article 6243e provides as follows:

"On and after the 1st day of April, A. D. 1939,
any person who has been duly appointed and enrolled,
and who has attained the age of fifty-five (55)
years and who has served actively for a period of
twenty (20) years in some regularly organized fire
department in any city or town in this State now
within or that may come within the provisions of
this Act, in any rank, whether as wholly paid, part
paid or volunteer firemen shall be entitled to be
retired from such service or department and shall
be entitled to be paid from the Firemen's Relief
and Retirement Fund of that city or town, a monthly
pension equal to one-half of his average monthly sal-
ary not to exceed a maximum of One Hundred Dollars
($100) per month. Such average monthly salary to be
based on the monthly average of his salary for the
five (5) year period preceding the date of such re-

Honorable Bayne Satterfield - page 3

tirement; provided further, that if his average
monthly salary is Fifty Dollars ($50) or less per
month or if a volunteer fireman with no salary,
he shall be entitled to a monthly pension or re-
tirement allowance of Twenty-five Dollars ($25)."

The provisions of Section 7 of said Article apply
to any person serving as an active fireman duly enrolled in
any regularly active fire department in any city or town in
the State, now within, or that may hereafter come within the
provisions of said Act.

The provisions of Section 8 of said Article apply
to any duly enrolled member of any regularly organized active
fire department of any city or town now coming within, or that
may hereafter come within, the provisions of said Act, as
therein limited.

Section 26 of said Article reads as follows:

"Whenever used herein, the term 'Board' or
'Board of Trustees' shall be deemed to mean and
and refer to the Board of Firemen's Relief and
Retirement Fund Trustees.

"Whenever used herein, the term 'firemen'
or 'fireman' shall be deemed to mean and in-
clude all active members of any regularly organ-
ized fire department of any incorporated city or
town of this State, having fire fighting equip-
ment or apparatus of the minimum value of One
Thousand Dollars ($1,000) or more whether wholly
paid, partly paid and partly volunteer, or wholly
volunteer. All other members shall be deemed
honorary or inactive members and as such shall
not be entitled to any of the benefits provided
by this Act.

"Whenever used herein, the term 'active fire-
men,' 'active fireman,' or 'active members' shall
be deemed to mean and include all paid firemen
who receive regular salaries as firemen and such
partly paid or volunteer firemen as in each calen-
dar year answer at least twenty-five (25) per cent
of all fire alarms and at least forty (40) per
cent of all drill or practice calls."

Your attention is now directed to the clause in Section 6, which reads "duly appointed and enrolled". Attention is also directed to the clause "duly enrolled" in Section 7, and the same clause "duly enrolled", in Section 8 of said Article aforesaid. Webster's New International Dictionary, second edition, gives, among others, of the adverb duly, the following definitions: "Regularly", "sufficiently", "properly", and "as it (anything) ought to be".

It thus appears that any fireman who has been duly appointed and enrolled in some regularly organized fire department, as provided for in Section 6 of Article 6243e, supra; or a person serving as an active fireman duly enrolled in any regularly active fire department, as covered by the provisions of Section 7 of said Article; or any duly enrolled member of any regularly organized active fire department, as covered by the provisions of Section 8 of said Article, comes within and is covered by the provisions of said Article 6243e, when such fireman or person has complied with the provisions of the Firemen's Relief Pension Fund law in its other requirements.

> "Public officers and governmental and administrative boards possess only such powers as are expressly conferred upon them by law or are necessarily implied under powers so conferred. They cannot perform acts not authorized by existing law, * * *." --34 Tex. Jur., pp. 440-441, ¶ 67.

> "Statutes which prescribe and limit the exercise of official duty are strictly construed in respect of the powers conferred and the manner of their exercise, and such powers are not to be enlarged by construction." --34 Tex. Jur., p. 443, citing Bryan v. Sundberg, 5 Tex. 418.

> "It is equally well settled, however, that a law which confers a power or imposes a duty upon an officer or board carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed." --34 Tex. Jur. p. 444, citing authorities. See Von Rosenberg v. Lovett, 173 S.W. 508 (Civ. Apps.), error ref.

A careful reading of Article 6243e, V. A. C. S., discloses that the local Board referred to in your questions 1 and 2 has neither express nor implied authority to deny the benefit of the Firemen's Relief Pension Fund law to any fireman who has been duly appointed and enrolled in any fire department covered by said Article 6243e, and who has met the other requirements of said Firemen's Relief Pension Fund law. Since the Legislature is the only constitutional authority whereby a law can be amended or repealed, it logically follows that no governmental or administrative board has such authority.

In view of the foregoing, your questions 1 and 2 are each answered in the negative.

The first part of Section 19 of Article 6243e, supra, reads as follows:

"For the purposes of co-ordinating the reports of the various Boards of Firemen's Relief and Retirement Fund Trustees; to provide examination from time to time of the accounts of such Boards; to determine and certify to the State Treasurer such Boards as shall, under provisions of this Act, qualify for and be entitled to consecutive apportionment from said Firemen's Relief and Retirement Fund and to hear, determine, and review appeals from the decision or order of any of such Boards of Trustees, there is hereby created the office of Firemen's Pension Commissioner, whose office shall be located in the City of Austin, Texas, * * *."

By subsequent provisions contained in said Section 19, the Fireman's Pension Commissioner provided for in such Section is empowered to make rules and regulations not otherwise provided in said law, and to prepare forms for use by the various boards of trustees, in order to assist in the work and duties thereof. Said Section also empowers such Commissioner with authority to examine the accounts and records of the various boards of trustees. Other duties not necessary to enumerate are also required of said Commissioner by the provisions of said Section 19.

It thus appears that the office of Firemen's Pension Commissioner was created for those purposes set forth and enumerated in the first part of Section 19 aforesaid, and that his

powers and duties as such are set forth in the entire Firemen's Relief Pension Fund law, namely, Article 6243e, V.A.C.S. Therefore, said Firemen's Pension Commissioner is only authorized to make rules and regulations, not otherwise provided in said law, for the purpose of carrying out such powers as are expressly conferred upon him by law, as well as those powers which are necessarily implied from the powers so conferred. He cannot make rules and regulations not authorized by existing law.

Therefore, for the same reasons on which our answers to your first two questions are based, your third question is also answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  *L. K. Flewellen*
L. K. Flewellen
Assistant

LKF-MR

1944

Blackburn

ATTORNEY OF TEXAS

APPRO
OPIN
COMMI

BY